NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH LEE, | ) |
|        Petitioner, | ) Civil Action No.: 05-3279 |
| v. | ) **O P I N I O N** |
| RONALD H. CATHEL, et al., | ) |
|        Defendants. | ) |

**LINARES**, **District Judge.**

This matter comes before the Court on Petitioner Ralph Lee ("Lee" or "Petitioner") Application for an Extension of Time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). The appeal stems from the July 13, 2006 decision of this Court denying Petitioner's application for a writ of habeas corpus. This application is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons stated herein, Petitioner's application for an extension of time is GRANTED.

### BACKGROUND

On or about July 28, 2005, the Court received a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Such petition was filed on October 4, 2005 after Petitioner was granted in forma pauperis status. On November 21, 2005, the Attorney General for the State of New Jersey responded to the petition. By Order dated July 13, 2006 and entered July 18, 2006 (hereinafter "July 13 Order"), this Court denied the application for a writ of habeas corpus and

ordered that no certificate of appealability shall issue. This Order was subsequently appealed by Plaintiff. (CM/ECF Docket Entry #14). The appeal was apparently filed late.

On October 18, 2006, Petitioner sent a Notice of Motion to the Clerk of the District Court for an order granting the filing of an out of time Notice of Appeal. (CM/ECF Docket Entry #13). To this motion Petitioner attached a Certification listing reasons for the delay in filing his notice of appeal. Petitioner states that the New Jersey State Prison went on "a lock down" from approximately August 4, 2006 to August 28, 2006. Petitioner also states that following the lock down, the prison's law library was closed for renovations and Petitioner was unable to conduct the required legal research nor speak with a paralegal.

The Court contacted Deputy Attorney General Deborah Bartolemey to inquire whether the same would be opposing such application. The Court was informed that Defendants do not oppose Petitioner's application.

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(5) provides, in relevant part:

> [T]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5). Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal "must be filed with the district clerk within 30 days of entry of the judgment or order appealed from is entered." See also Browder v. Dir., Illinois Dept. of Corr., 434 U.S. 257, 264 (1978) (per curiam). Furthermore, Federal Appellate Rule of Procedure 26(a)(2) indicates that, under these circumstances, in computing the filing date, Saturdays, Sundays, and legal holidays

are not excluded from the computation. See Jones & Laughlin Steel Corp. v. Gridiron Steel Co., 382 U.S. 32 (1965). Compliance with the rule regarding the time limit for filing an appeal is "'mandatory and jurisdictional.'" Id. (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam). However, when the petitioner is pro se and is a prisoner, the notice of appeal is considered filed at the time petitioner delivers it to prison authorities for forwarding to the district court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988).

In the present case, this Court's final decision was entered on July 13, 2006. Under Rule 4(a)(1)(A) and Rule 26(a)(2), Petitioner's time to appeal expired on August 13, 2006. He did not meet that deadline since Petitioner's notice of appeal was not filed with the District Clerk until October 18, 2006. Further, Peititioner did not file his motion for an extension of time before August 13, 2006 as required by Federal Rule of Appellate Procedure 4(a)(5). However, as prescribed by this same rule, the Court must determine whether Petitioner has demonstrated excusable neglect or good cause under Fed. R. App. Proc. 4(a)(5)(A)(ii).

The leading Third Circuit case regarding the filing of a late notice of appeal pursuant to Rule 4(a)(5) is Consol. Freightways Corp. v. Larson, 827 F.2d 916 (3d Cir. 1987), cert. denied sub nom. Consol. Freightways Corp. v. Sec'y of Transp. of Pa., 484 U.S. 1032 (1988). There, the Third Circuit formulated a two-part test for excusable neglect determinations. Under Larson, the movant must meet the threshold requirement of demonstrating a "substantial good faith effort to comply" with appellate procedure. Id. at 921. If such a showing is made, the Court must proceed to an evaluation of the facts according to the following five criteria:

(1) whether the inadvertence reflects professional incompetence such as ignorance

of the rules of procedure; (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

Id. at 919. In addition, the court enunciated that:

The rules governing timeliness of appeals exist to promote fairness, and to promote prompt notice of appeal thereby avoiding the prejudicial effect of reopening litigation which the opposing party had assumed was closed. The length of the delay and the basis of the delay affect the overall fairness concern. Where . . . the delay was minimal, and where the court has determined that the delay was not the result of any bad faith but rather occurred despite counsel's substantially diligent efforts at compliance, the judicial interest in deciding cases on the merits outweighs the interest in finality.

Id. at 920; see also Ramseur v. Beyer, 921 F.2d 504, 506 (3d Cir. 1990).

In light of this framework, the Court turns to the present situation. Petitioner's notice of appeal is dated October 16, 2006, but was not filed with the District Clerk until October 18, 2006. Thus, the notice of appeal was over two months late, since August 13, 2006 marked the thirtieth day to appeal. However, Defendants do not oppose any extension.

Starting with the last of the five Larson criteria, the Court finds that Petitioner has demonstrated a "substantial good faith effort to comply" with appellate procedure. Petitioner's notice was filed only two months late and there is no evidence that Defendants were prejudiced by this delay. See, e.g., Ryder v. Costello, 2000 U.S. Dist. LEXIS 7358 (E. D. Pa. May 31, 2000) (permitting extension because filing of notice of appeal seven days late did not raise overall fairness concerns). This also comports with the Third Circuit's finding that:

[t]he interest in finality must be balanced against the need to allow justice to take its course, and not have it thwarted by some minute technical error. See Smith v. Jackson Tool & Die, Inc., 426 F.2d 5, 8 (5th Cir. 1970). The finality doctrine and the rules governing timeliness of appeals exist to promote fairness, and to promote

>prompt notice of appeal thereby avoiding the prejudicial effect of reopening litigation which the opposing party had assumed was closed. The length of the delay and the basis of the delay affect the overall fairness concern. Where as here the delay was minimal, and where the court has determined that the delay was not the result of any bad faith but rather occurred despite counsel's substantially diligent efforts at compliance, the judicial interest in deciding cases on the merits outweighs the interest in finality.

Larson, 827 F.2d at 920.

Since a "substantial good faith effort to comply" with appellate procedure has been demonstrated, the Court now turns to the remaining criteria enunciated in Larson. Petitioner's failure to timely file his notice of appeal with the District Clerk does not reflect ignorance of the rules of procedure because the facts show that without access to the law library or the ability to consult with a paralegal, Petitioner may not have even known that such time limit or a rule governing same existed. The asserted inadvertence does reflect an easily manufactured excuse, that prison paralegals were unavailable for consultation, that is incapable of verification by the court. Petitioner's tardiness does not result from his failure to provide for a readily foreseeable consequence, since he states that he did not know of the rules governing the filing of notices of appeal. Lastly, although the inadvertence reflects a lack of diligence, it is de minimis.

Thus, weighing these factors, the fact that Petitioner is appearing pro se and is incarcerated, and taking into consideration that these rules "exist to promote fairness" and "the judicial interest in deciding cases on the merits outweighs the interest in finality," Larson, 827 F.2d at 920, and the Defendants not opposing such request, the Court concludes that Petitioner's application for an extension of time should be granted.

## **CONCLUSION**

For the foregoing reasons, this Court hereby grants Petitioner's motion for an extension

of time to file a Notice of Appeal pursuant to Fed. R. App. P. 4(a)(5).

An appropriate Order accompanies this Opinion.

DATED: October 27, 2006

/s/ Jose L. Linares
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

cc:   Marcia M. Waldron, Clerk of U.S. Court of Appeals